**Andrea D. Coit, OSB #002640**
acoit@eugenelaw.com
HUTCHINSON COX
940 Willamette Street, Suite 400
P.O. Box 10886
Eugene, Oregon 97440
Telephone:   (541) 686-9160
Facsimile:   (541) 343-8693
Of Attorneys for Defendant Jody N. Cline

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PAUL KWAKE**, an individual, **ROBERT GEORGE VINDHURST**, an individual, and **GARY ROMINE**, an individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**FARIBORZ PAKSERESHT**, in his official capacity as Director of Human Services, State of Oregon; and **ASHLEY CARSON-COTTINGHAM**, in her capacity as Director of Office of Aging and People with Disabilities, a division within the state Department of Human Services, State of Oregon; and **JODY N. CLINE**, in her capacity as Director of Senior and Disability Services, a division within the Lane Council of Governments,<br><br>　　　　Defendants. | Case No. 6:18-cv-603-JR<br><br>**DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)** |

## LR 7-1(A) CERTIFICATION

The undersigned certifies that she has discussed the issues raised in this motion by telephone with Plaintiff Kwake, who purports to be acting on behalf of all Plaintiffs. The parties have been unable to resolve the issues raised in the motion.

**PAGE 1 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**

## MOTION TO DISMISS

Defendant Jody Cline moves for dismissal of the claims asserted against her in Plaintiffs' Complaint pursuant to Fed. R. Civ. P 12(b)(6). Plaintiffs have failed to assert a harm caused by Cline or seek a remedy Cline can provide. They have, therefore, failed to state claim and the complaint should be dismissed.

## APPLICABLE LAW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, to be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs complain that they have been arbitrarily denied government benefits without due process. They seek an injunction against all defendants prohibiting future denials and an order restoring past benefits. Defendant Jody Cline appears herein seeking a dismissal of the claims against her because she, in her official capacity as an employee of Lane Council of Governments, cannot accomplish those ends, even if ordered to do so.

The Oregon Legislature has enacted legislation announcing a statewide policy: "in keeping with the traditional concept of the inherent dignity of the individual in our democratic society, the older citizens of this state are entitled to enjoy their later years in health, honor and dignity, and citizens with disabilities are entitled to live lives of maximum freedom and independence." ORS 410.010. In furtherance of that policy, the legislature has tasked the Oregon State Department of Health and Human Services (DHS) with the obligation to ensure comprehensive care and assistance to its senior and disabled population through federal and state funding of programs that meet these populations' needs. ORS 410.020 *et seq*. This program is generally referred to in both Chapter 410 and throughout this motion as Senior and Disabled Services (SDS). DHS's implementation regulations for SDS are found in OAR Chapter 411. See ORS 410.070(k) (rule making authority).

Chapter 410 directs DHS to partner with local governments and agencies through inter-governmental agreements to facilitate SDS programs at the local level. See ORS 410.050. The partnered local government or agency is referred to as the "Area Agency on Aging (AAA)". An AAA is defined in OAR 411-015-0005(6) as "the Department designated agency charged with the responsibility to provide a comprehensive and coordinated system of services to older adults and adults with disabilities in a planning and service area."

Lane Council of Governments (LCOG) is a voluntary association of local governments in Lane County, Oregon. http://www.lcog.org/101/About-Us. LCOG's Senior and Disability Services division serves as DHS's AAA to facilitate SDS programs in Lane County.

**PAGE 3 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS
PURSUANT TO FRCP RULE 12(B)(6)**

In its role as the DHS's AAA for Lane County, LCOG assists DHS in carrying out its statutory mandate to provide comprehensive assistance to the elder and disabled population of Lane County. LCOG remains, however, only a coordinator and facilitator of the State's programs. As explained below, it has no statutory authority to act independently to make monetary assessment awards, to engage in rule making, or to exercise discretion in implementing the rules the Department of Health and Human Services has promulgated governing its senior and disabled programs.

Plaintiff Kwake runs an adult foster care home. Plaintiffs Vindhurst and Romine are disabled adults who live in Plaintiff Kwake's adult foster home. Complaint ¶ 5. Pursuant to 411-027-0025, DHS provides reimbursement for all services provided to individuals residing in adult foster homes. The reimbursement rate for these services is uniform and follows a specific payment schedule created by DHS. *See Id.* The services available to a particular adult foster home resident must be determined pursuant to DHS's assessment tool. See OAR 411-015-0008: ("(1) ASSESSMENT… (b) A case manager must conduct an assessment in accordance with the standards of practice established by the Department.") LCOG has no discretion on how to conduct or evaluate assessments.

DHS has absolute authority to determine how available funds are spent in the SDS programs. See OAR 411-015-0015 ("Current Limitations. (1) The Department has the authority to establish, by administrative rule, service eligibility within which to manage the Department's limited resources."). In the adult foster care program, OAR 411-027-0020 instructs that payment for services is limited to that found to be justified as a result of the outcome of DHS's assessment for the individual SDS participant. Pursuant to OAR 411-027-0025, "The [adult foster care] provider must agree to accept an amount determined pursuant to OAR 461-155-0270 for room and board and a service payment determined by the Department pursuant to OAR 411-027-0020 or 411-027-0050 as payment in full for all services rendered."

**PAGE 4 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS
PURSUANT TO FRCP RULE 12(B)(6)**

The DHS assessment is referred to as CA/PS. As explained in OAR 411-015-0005 (14), "Client Assessment and Planning System (CA/PS)" means: (a) The single entry data system used for (A) Completing a comprehensive and holistic assessment; (B) Surveying an individual's physical, mental, and social functioning; and (C) Identifying risk factors, individual choices and preferences, and the status of service needs. (b) The CA/PS documents the level of need and calculates the individual's service priority level in accordance with these rules, calculates the service payment rates, and accommodates individual participation in service planning."

DHS allows for three categories of "add on" rates to the service payment. Eligibility for "add on" payments for a particular SDS program recipient is determined through the DHS's assessment tool. OAR 411-027-0025. Again, LCOG has no authority to exercise discretion regarding the CA/PS assessment process or its implementation in a given situation. Id.

DHS also provides exceptions for situations that are not covered by the base service payment or the add-ons. This "exception" is the heart of Plaintiffs' complaint. They claim the defendants, including LCOG, have denied them an exception payment in violation of their constitutional rights. LCOG is powerless to grant or deny an exception.

This is made evident in the language of OAR 411-027-0050, titled "Exceptions to Payment Limitations in Home and Community-Based Services." The rule provides: (1) Service payment exceptions <u>may only be granted if the Department determines</u>: (a) The individual has service needs, documented in the service plan, that warrant a service payment exception; and (b) The provider actually provides the exceptional service. *Id.* (underlining added). The rule also explains: "(4) . . . The Department does not authorize additional payment exceptions for building, utilities, food, or regular maintenance. ... (7) All individual exceptions to the assessed service need determination in Adult Foster Homes, Residential Care Facilities, or in-home settings, and renewals of exceptions, must be pre-authorized by the Department's APD Central Office." *Id.*

**PAGE 5 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS
   PURSUANT TO FRCP RULE 12(B)(6)**

While LCOG and other local AAA's do play a role in the exception process, that role is limited to review and recommendation. OAR 411-027-0050 (7) states that: "(b) The Department and AAA local office [*e.g.,* LCOG] staff shall review and approve requests for payment exception before they are transmitted to the Department's APD Central Office. (c) Locally approved requests for payment exception must be sent to the Department's APD Central Office. The request must include: (A) A statement of individual needs that exceed the assessed rate or the maximum monthly hours of services; and (B) A statement of how the individual's needs are met and the cost involved in meeting the individual's needs. (d) <u>The Department's APD Central Office must review and approve exception requests and transmit the decision and effective date to the Department and AAA local office staff. Approval will only be granted if the exception meets an unmet need and is reasonable to meet that unmet need.</u> *Id*. (underlining added).

With respect to notice of a denial, the rule provides that "(e) The Department or the Department's Central Office may deny exception requests. A notice of planned action is required if the individual or their representative requested the exception." *Id.*

"Notice of Planned Action" as used in OAR Chapter 411 is a term of art, referring to the notice provided for in OAR 411-318. See OAR 411-318-0000 "Statement of Purpose and Scope. (1) The rules in OAR chapter 411, division 318 prescribe: ...(c) The requirements for notification in the event a developmental disabilities service is denied, reduced, suspended, or terminated and the contested case hearing process for challenging a denial, reduction, suspension, or termination of a developmental disabilities service ...." A Notification of Planned Action is required when "(1) An individual and the representative of the individual must receive a written Notification of Planned Action in the event that a developmental disability service is denied, reduced, suspended, or terminated." OAR 411-318-0020. Further, "The Notification of Planned Action must be on the form prescribed by the Department (SDS 0947)." *Id.* In other words, the AAA, including LCOG, has no discretion regarding the form of notice or its content upon a denial of an exception request. DHS has proscribed the form to use.

**PAGE 6 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS
PURSUANT TO FRCP RULE 12(B)(6)**

Plaintiffs' claim against Jody Cline must be dismissed because Cline, in her official capacity as an employee of Lane Council of Governments, has no authority or ability to accomplish the requested relief.

In this complaint, Plaintiffs seek:

"1. That the court declare that the protocols used for assessing individual needs and the use of a secret algorithm to calculate benefits violate the Due Process Clause ...." Complaint at Prayer (1).

As explained above, DHS has mandated in OAR 411-015-0005(14) that SDS program participants be evaluated used the CA/PS assessment tool. LCOG is allowed only to implement that tool. Any declaration made to the effect requested will have no effect as it relates to LCOG and its performance of its role as an AAA for Lane County.

"2. [D]eclaring that current practices regarding the exceptions process and the administrative hearing process means of providing notice of reduction, suspension, denial or termination of services violates the Due Process Clause." Complaint at Prayer (2).

Again, such a declaration has no impact on LGOC. DHS has promulgated the rule setting forth how one is to receive notice of a reduction, suspension, denial or termination of services. If the rule violates due process, the state must answer for that flaw.

"3. [I]mmediately enjoining the reduction of in home care hours for the named plaintiffs and those similarly situated and order defendants to restore the level of service to at least that afforded as of December 31, 2017." Complaint at Prayer (3).

The "reduction" in hours complained of in the complaint is attributed exclusively to the denial of previously approved exceptions. See Complaint ¶¶ 30-33; 38-41. DHS's Central APD office has sole authority to grant or deny exceptions. See OAR 411-027-0050(7). An injunction prohibiting Cline from reducing Plaintiffs' care hours would be meaningless.

"4. [O]rdering DHS to rescind any current notices of reduction, denial, or termination of benefits to RV and GR receiving in-home care and supports and to restore prospectively the prior

**PAGE 7 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**

level of benefit as of December 31, 2017 or grant the level of benefit sought, whichever is greater." Complaint at Prayer (4).

LCOG cannot accomplish the tasks requested by Plaintiffs. The statutory authority to grant benefits and authorize payment lies exclusively with DHS.

"5. [O]rdering DHS to halt future reductions, denials and termination of benefits for RV and GR receiving in-home care and supports until the court approves a plan that meets the following criteria ...." Complaint at Prayer (5).

Such an order would have no impact on LCOG's future conduct. LCOG cannot reduce, deny or terminate benefits.

## CONCLUSION

The state, and only the state, has the authority to make the requested changes and prevent the allegedly offending conduct. Plaintiffs, therefore, have not alleged a legally recognizable harm caused by Defendant Jody Cline in her official capacity. Absent an allegation of causation of harm, a claim does not exist.

Jody Cline should be dismissed from this case. Dismissal should be with prejudice because the defect in the complaint cannot be cured through repleading. Cline has no ability to right the alleged wrongs at the core of this complaint. No additional facts or theories of recovery will change that conclusion.

DATED this 1st day of May, 2018.

HUTCHINSON COX

By:   s/Andrea D. Coit
      Andrea D. Coit, OSB #002640
      Of Attorneys for Defendant Jody N. Cline

**PAGE 8 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**

# CERTIFICATE OF SERVICE

I certify that on May 1, 2018, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☑ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Paul Kwake
Robert George Vindhurst
Gary Romine
1865 17th Street, Apartment C
Springfield, Oregon 97477
Email: paulkwakesr@gmail.com
       Pro Se Plaintiffs

HUTCHINSON COX

By: s/Andrea D. Coit
    Andrea D. Coit, OSB #002640
    Of Attorneys for Defendant Jody N. Cline

**PAGE 9 – DEFENDANT JODY N. CLINE'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**