ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS #981634
Senior Assistant Attorney General
PATRICIA RINCON #162336
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Tina.BeattyWalters@doj.state.or.us
       Patty.Rincon@doj.state.or.us

Attorneys for Fariborz Pakseresht and Ashley Carson-Cottingham

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL KWAKE, an individual, DANIEL CAMPBELL, an individual, DOROTHY HAWLEY, an individual, and GARY ROMINE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FARIBORZ PAKSERESHT, in his official capacity as Director of Human Services, State of Oregon; and ASHLEY CARSON-COTTINGHAM, in her official capacity as Director of Office of Aging and People with Disabilities, a division within the Department of Human Services, State of Oregon; and JODY N. CLINE, in her capacity as Director of Senior and Disability Services, a division within the Lane Council of Governments,<br><br>Defendants. | Case No. 6:18-cv-00603-JR<br><br>PROTECTIVE ORDER |

Page 1 -   PROTECTIVE ORDER
           TBW/j8b/8941104-v1

This case will result in the production and the filing of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns adult foster care services provided by the Oregon Department of Human Services ("DHS"). The parties expect to exchange documents and information relating to program benefits, services received by the plaintiffs served by DHS, and information about the medical and mental status of these plaintiffs. This information is subject to numerous State and Federal regulations limiting its disclosure, including but not limited to

- 42 USC 1396a and 42 CFR 431.300 et seq., ORS 411.320, ORS 411.990 (records related to the administration of public assistance programs);
- ORS 179.505 (records associated with rendition of health care services); ORS 192.553 - 192.571;
- 7 USC § 2020(e)(8) and 7 CFR § 272.1(c) (food assistance information);
- 42 USC § 602(a)(1)(A)(iv), 45 CFR § 205.50(a)(1)(i)(A)-(G), and ORS 412.074 (Temporary Assistance for Needy Families Program);
- ORS 410.150 and ORS 411-005-0035(1) (Seniors and People with Disabilities program);
- ORS 411.117(2) and OAR 461-105-0130 (Temporary Assistance for Domestic Violence Survivors program); and/or
- The Health Insurance Portability and Accountability Act (HIPAA) codified at 42 USC §§ 1320d-2, 1320d-4 and the corresponding Privacy Rule found in 45 CFR Part 164, particularly at 45 CFR 164.512.

Page 2 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Information subject to discovery may also include information that is subject to attorney client privilege or other statutory or common law privileges, pursuant to Federal Rules of Evidence 501 and 502.

The parties agree that the entry of this Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information to individuals not authorized to receive the documents and/or information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.  All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.  Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, nor any use by the DOJ in carrying out its law enforcement or other statutorily imposed duties. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.  The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. The

Page 3 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

    4.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

    5.    Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

Page 4 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

   b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

   c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

   e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

   f. The authors and the original recipients of the documents.

   g. Any court reporter or videographer reporting a deposition.

   h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons

Page 5 -   PROTECTIVE ORDER
           TBW/j8b/8941104-v1

listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.  Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.  Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.  Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.  The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or

Page 6 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only," as applicable, to respective counsel, or counsel may certify in writing that all copies of confidential information in the possession of the receiving party have been destroyed.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

Page 7 -   PROTECTIVE ORDER
          TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

16.   Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.   Nothing in this Protective Order shall be construed to require the State to violate the terms of Oregon's Public Records Law, ORS 192.410 et seq., which governs preservation and destruction of government records, or any other statute, administrative rule, or court rule. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18.   It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information. A party opposing the claim of privilege and/or protection must promptly present the information to the Court under seal for a determination of the claim. Pursuant to FRE 502(d), absent an expressed agreement to waive, the presumption will be in favor of privilege and/or protection.

Page 8 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED:**

DATED: 5/10/2018

_____
HONORABLE JOLIE A. RUSSO
U.S. Magistrate Judge

Submitted by: Christina L. Beatty-Walters
Senior Assistant Attorney General
Attorneys for Fariborz Pakseresht and Ashley Carson-Cottingham

Page 9 -   PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in <u>*Kwake, Paul et al v. Pakseresht et al,* United States District Court Case No. 6:18-cv-00603-JR</u>, of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

Page 10 - PROTECTIVE ORDER
TBW/j8b/8941104-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000