FILED 14 MAY '18 11:36 USDC-ORE

Paul Kwake, Daniel Campbell, Dorothy Hawley and Gary Romine
1865 17th Street, Apartment C
Springfield, Oregon 97477
Ph: (541) 915-6736
Email: paulkwakesr@gmail.com
Plaintiffs Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
Eugene Division

| | |
|---|---|
| **PAUL KWAKE**, an individual, **DANIEL CAMPBELL**, an individual, **DOROTHY HAWLEY**, an individual, and **GARY ROMINE**, an individual Plaintiffs, -v- **FARIBORZ PAKSERESHT**, in his official capacity as Director of Human Services, State of Oregon; and **ASHLEY CARSON-COTTINGHAM**, in her official capacity as Director of Office of Aging and People with Disabilities, a division within the state Department of Human Services, State of Oregon; and **JODY N. CLINE**, in her capacity as Director of Senior and Disability Services, a division within the Lane Council of Governments, Defendants. | Case No. 6:18-cv-603-JR **RESPONSE TO DEFENDANT JODY N. CLINE'S MOTION TO DISMISS** |

1.   An Amended Complaint has been filed with the court that addresses the arguments presented in her motion to dismiss, and Plaintiffs further address said motion herewithin.

2.   Plaintiffs have filed a complaint seeking declaratory judgment against defendant Jody N. Cline ("Cline").

3.  A declaratory judgment is a "statutory method" that allows "a party to receive a declaration of its rights when there is a justiciable controversy," even when the party does not have right to any further relief. *Beldt v. Leise,* 185 Or App 572, 576, 60 P3d 1119 (2003). Cline has not presented any argument in her motion to dismiss that the complaint does not present a justiciable controversy.

4.  Oregon, like most states, has adopted the Uniform Declaratory Judgments Act ("the Act"). *See* ORS 28.010–28.160. The Act is to be "liberally construed and administered." ORS 28.120. The purpose of the Uniform Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." ORS 28.120. "No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for." ORS 28.010.

5.  ORS 28.020 provides, in part: Any person . . . whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, [or] ordinance . . . may have determined any question of construction or validity arising under any such . . . constitution, statute, municipal charter, ordinance . . . or franchise and obtain a declaration of rights, status or other legal relations thereunder.

6.  The Amended Complaint also seeks injunctive relief specifically against Jody. N. Cline in her official capacity as Director of Senior and Disability Services, a division within the Lane Council of Governments by "ordering LCOG to remove Marcy Yarbrough and Jordan Crowder from any further role involving any residents of Paul Kwake's adult foster care homes."

7.  Defendant's Motion to Dismiss includes within it cited/quoted applicable statutory verbiage, but there are parts omitted that are key in essentially rebutting defendants arguments.

8. Specifically, throughout the text of the applicable statutes, it is worded "Department *'and'* and/or *'or'* *AAA local office staff*" (emphasis mine). The defendants, presumably for their benefit, omitted any use of "and and/or or AAA local office staff", as that would, presumably, infer LCOG's involvement in the assessment process, i.e., Jody Cline's direct responsibility of (employee) oversight and compliance with federal mandates. DHS requires (LCOG) AAA's to have a type of quality assurance policy in effect so as to be able to audit the agency it has charged with the responsibility of administering program benefits.

9. This is done because not all localities have an AAA as designated by/through the Department, and so Department can be synonymous with AAA.

10. Defendants leave out citation of OAR 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, which significantly provides: (2) Payment Basis..(e) An individual's progress is monitored by Department or AAA local office staff. When a change occurs in the individual's service needs that may warrant a change in the service payment rate, staff must update the service plan." and, more importantly, section (3) Service Payments. All service payments must be prior authorized by the Department *or AAA local office staff*... (a) Department and AAA CASE MANAGERS *authorize service payments* from the rate schedule based on an individual's service program and ASSESSED need for services documented in CA/PS (emphasis and underlining mine).

11. Provided within OAR 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, titled Exceptions to Payment Limitations in Home and Community-Based Services, defendants left out sub-section 2) "Service payment exceptions shall be based on the additional hours of services required to meet the individual's assessed and verified ADL and IADL service needs...The Department AND AAA LOCAL OFFICE STAFF MUST MONITOR THE INDIVIDUAL SERVICE

Page 3 of 4 - RESPONSE TO DEFENDANT JODY N. CLINE'S MOTION TO DISMISS

NEEDS AND RECOMMEND ADJUSTMENTS TO THE PLAN WHEN APPROPRIATE (emphasis mine).

12. Section 3) provides further: "Service payment exceptions in AFH (Adult Foster Homes)...may be authorized only for individual service needs THAT ARE NOT PAID FOR BY THE BASE RATE OR ANY OF THE THREE AVAILABLE ADD-ON PAYMENTS. This shows that exceptions payments are to provide for individual service needs that are outside of the payment limitations as established by DHS.

13. The above cited relevant and applicable sections and subsections are pertinent to the interpretation of the statute and its application to the Department's designated agency (if any), and, by leaving it out, defendants have essentially removed AAA's (or in this case, LCOG's) involvement and responsibilities in determining the needs of each of Paul Kwake's residents-which is what any exception payment would be based on.

14. Specifically, on page 5 of the defendant's Motion to Dismiss, OAR 411-027-0050 is quoted, but again, not in its entirety. Section (7) provides in part: "All individual exceptions to the assessed service need determination...by the Department's APD Central Office. Then, sub-section (a) additionally provides: "The Department and AAA local office staff **SHALL** approve requests for payment exception **BEFORE** they are transmitted to the Department's APD Central Office. (b) Locally approved requests for payment exception must be sent to the Department's APD Central Office..." (emphasis mine). This shows that local AAA office staff CAN approve and/or deny exceptions requests, i.e., LCOG is directly involved in the approval/denial process.

Dated 9 May 2018

Paul Kwake, Plaintiff Pro Se

Page 4 of 4 - RESPONSE TO DEFENDANT JODY N. CLINE'S MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that on 05-14-2018, I made service of the following document:

RESPONSE TO DEFENDANT: JODY N. CLINES MOTION TO DISMISS

By placing a copy in a first class postage paid envelope in Eugene, OR for delivery

By U.S. Mail to the address set forth below:

Christina Beatty Walters

Department of Justice

Council for: Ashley Carson Cunningham

Department of Justice
100 SW Market Street
Portland, OR 97201

Signature

Paul Kwake
186 17th Street #C
Springfield, OR 97477